**Julius BURNETT**

v.

**The GEHL COMPANY.**

**Civ. A. No. 82–2373.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 25, 1985.

Thomas J. Davis, Oakdale, La., Baggett, McCall & Ranier, Lake Charles, La., for Burnett.

Provosty, Sadler & Delaunay, Ronald J. Fiorenza and William H. Delaunay, Jr., Alexandria, La., for The Gehl Co.

## RULING

LITTLE, District Judge.

Plaintiff has filed a Motion in Limine which asks this Court to exclude from the impending trial all defendant's evidence of plaintiff's assumption of the risk, contributory negligence or comparative negligence. Plaintiff also asks that defendant be admonished to restrict its argument and communications to the jury on those matters as the Court may direct in this ruling.

Defendant manufactured a machine known as a forage box. The mechanism of the forage box is generally operated by attaching it to a power source, such as a tractor. The defendant does not manufacture the power source. The plaintiff suffered an injury when using the forage box when it was attached to an activated power source. This lawsuit followed that injury.

Plaintiff's allegations against the manufacturer are as predictable as the defendant's asserted defenses. It is the defenses which are the subject of this analysis. Is the defendant legally authorized to assert contributory negligence, comparative negligence and assumption of the risk, singularly or collectively as a bar, in whole or in part, to the plaintiff's claim? The answer, according to the plaintiff, is an authoritative "no". The authority springs from the brow of *Bell v. Jet Wheel Blast*, 462 So.2d 166 (La.S.Ct.1985). The decision of that case comforts the plaintiff but does not provide a safe harbor from exposure to all of the defenses asserted by the defendant. The holding of the case is crowded with as much uncertainty as there is certainty.

"After considering the oral and written arguments of the parties, we hold that contributory negligence does not apply in strict products liability cases, and that the principle of comparative fault may be applied in some products cases according to precepts formulated by analogy from the principle of Civil Code article 2323 and former article 2323, and other relevant social values, ethical principles and empirical data." (p. 167).

But the uncertainty was not created accidentally. The Supreme Court specifically stated that the holding was not intended "... as an answer to all questions that may be expected to arise. For example, the question of whether other classes of cases fall within the category to which comparative fault may apply must be decided on a case-by-case basis." (p. 172).

What is certain is that the legislative amendment to Civil Code article 2323, effective 1 August 1980, eliminates contributory negligence as a complete bar to recovery for an injured plaintiff. The article as amended reads in its entirety as follows:

"When contributory negligence is applicable to a claim for damages, its effects shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages recoverable shall be reduced in proportion to the degree or percentage of negligence contributable to the person suffering the injury, death or loss."

A casual reading of that latest expression of legislative will might lead one to believe that the defendant's assertions of comparative negligence are clearly admissible. But, as the Louisiana Supreme Court stated, "the article does not, however, state when the courts shall permit a defense of

contributory or comparative negligence to affect a plaintiff's recovery, nor does it prohibit the courts from applying comparative negligence to a claim previously insusceptible to the bar of contributory negligence". (p. 170). The Court did not allow comparative negligence in the *Bell* case. In that case, the plaintiff was injured while performing a repetitive operation with a defective industrial machine as required by his employer. In such an industrial setting, reducing the plaintiff's award would not serve realistically to promote careful product use but may reduce the manufacturer's incentive to make a safer product.

Such philosophy is not applicable to the Burnett case. Burnett was not operating a machine in an industrial setting as required by his employer. He was operating a machine without the intervention of a third party and was operating that machine upon which some warning language appeared. He was the captain and the crew. This is precisely the type of case to which the pure form of comparative negligence should apply. The threat of a reduction in recovery would provide a user of the forage box with an incentive to use it carefully but would not reduce the manufacturer's incentive to make a safer product.

Plaintiff's Motion in Limine is granted only to the extent that jury instructions will not be given indicating that contributory negligence is a complete bar to recovery. The motion is denied as it relates to comparative negligence and appropriate jury charges will be given in that regard.